Smith v. Oldham.

MARY M. B. SMITH, ADM'X., v. WM. OLDHAM.

When in the cross examination of his opponent's witness, a party elicits statements of his opponent, he cannot have them excluded from the jury because they are unfavorable to his case.

The plaintiff sold a tract of land by his title bond, in consideration of a jack warranted sound and of the note of the purchaser, which note he assigned before suit : the jack proving unsound and valueless, the plaintiff before suit offered to rescind the contract, which the defendant declined : *Held*, that the plaintiff was not restricted in his remedy to a suit for the rescission of the contract, but might sue upon the warranty ; and was not bound, in order to maintain his action, either to offer back the animal, or to tender a conveyance of title to the land which he had sold to the defendant.

The case of Scranton v. Tilley, 16 Texas Rep., 183, cited and approved.

APPEAL from Colorado.   Tried below before the Hon. James H. Bell.

. The appellee instituted this suit against Alfred Smith for damages laid at $3,000, alleged to be incurred by breach of the warranty of the defendant, contained in his bill of sale to the plaintiff of a Maltese Jack, called "Wonder."   The petition set out the bill of sale, which purported to be made in consideration of two thousand dollars in a tract of land in Denton county, for

which land the plaintiff alleged he executed his title bond to the defendant, in consideration of the jack and of the note of the defendant for $560. The plaintiff alleged that he had transferred the note, but admitted his liability on his bond for title, and averred his readiness to make title to the land whenever the entire consideration should be paid.

In his bill of sale, the defendant warranted the jack to be sound and a sure foal-getter. Besides the warranty contained in the bill of sale, the plaintiff alleged that he had bought the jack without seeing him, and relying upon the defendant's representations regarding him. That the defendant represented him as being fifteen and a half hands high, jack measure, or fifteen hands high under the standard, and verbally warranted him equal to his representations. For breach of the warranties, the plaintiff alleged that the jack was not sound, but was "hipped" and badly injured, was incapable of getting a foal, and of no service or value, and was materially under the size represented by the defendant. That plaintiff had offered to rescind the contract, but defendant refused.

The defendant, Alfred Smith, died soon after the institution of the suit, and the appellant as his administratrix was made defendant.

In his answer, the defendant denied all the allegations of the petition, except such as were specially admitted; acknowledged the sale of the jack, and alleged that he was sound and in every respect conformed to the warranty and representations of him made by Alfred Smith, this defendant's intestate. That if the jack proved to be unsound, or in any respect failed after coming to the possession of the plaintiff, it was by reason of the carelessness or mismanagement of the plaintiff or his agents. That the plaintiff never offered to return the note for $560, executed by Alfred Smith in part consideration of the land; but that said note was in suit against this defendant at the instance of the assignee. Wherefore defendant says that the plaintiff ought not to have or maintain this action, and prays that if the defendant is held liable on account of the warranty, that the contract be canceled, and she hereby tenders back the plaintiff's bond for title to the land.

As part of his evidence, the plaintiff offered the deposition of

George W. White, of whom in a cross interrogatory the defendant enquired if he knew, or had heard the plaintiff say, that he and Smith had compromised the controversy about the jack, and how. In reply the witness stated that the plaintiff had told him that he and Smith had compromised; that Smith had declined to rescind the contract as a compromise, because he had sold or contracted to sell the land; but that he had agreed to pay him, the plaintiff, the difference between the actual value of the jack and the price at which he was sold to the plaintiff; that Smith agreed to go to the house of plaintiff and have the jack valued by some disinterested person, so as to arrive at the difference to be paid.

The defendant objected to the reading of the answer by the plaintiff, because, 1st., it was not responsive to the cross interrogatory; 2d., there was nothing in the petition or answer to authorize its introduction; 3d., this suit is not based upon any compromise; and 4th, because it was evident that the cross interrogatory referred to a final compromise of the controversy, and hence the answer was irresponsive and irrelevant. The objections were overruled, the answer admitted, and the defendant excepted.

The other facts sufficiently appear in the opinion of the court.

There was verdict and judgment for the plaintiff, and a new trial refused.

*John H. Robson*, for the appellant.

*B. Shropshire*, for the appellee.

WHEELER, C. J.—We do not deem it necessary to follow the assignment of errors and the brief of the appellant's counsel through all the numerous objections to the rulings of the court in the admission of evidence upon the trial. Most of the objections are too manifestly unfounded to require notice; and as the argument does not discriminate and rely on those only which might possibly admit of some question, we do not feel called on to make the discrimination; and to notice all, seriatim, would be needlessly and unprofitably tedious in a judicial opinion. Some of the questions and answers might have been so framed as to be less liable to criticism.

But we do not perceive that any material error has been committed in the rulings complained of affecting the merits of the case.

It is manifest from the charge of the court, and the verdict of the jury, that the evidence touching the warranty alleged to have been omitted by mistake in writing the bill of sale, can have had no influence upon verdict and judgment. It is unnecessary, therefore, to revise the rulings of the court upon that subject. The charge of the court made the decision of the case turn upon the question of a breach of the warranty contained in the bill of sale, and not upon any other supposed warranty.

The answers of the plaintiff's witnesses to cross interrogatories propounded by the defendant's counsel, were admissible and competent testimony for the plaintiff, conducing to prove an admitted breach of warranty by the defendant.

When the witness was asked if he did not know, or had not heard the plaintiff say that the controversy between the parties had been compromised, and to state what the compromise was, the natural inference was, that the witness was desired to state all he knew or had heard from the plaintiff on that subject; and having thus elicited the plaintiff's statements, the defendant could not exclude them because they were unfavorable to his case.

The plaintiff was not restricted in his remedy to a suit for a rescission of the contract. His suit was well brought upon the breach of warranty. Nor was he obliged to go to Tennessee (as it seems he must have done) to tender back the property, when it proved wholly valueless, and the defendant refused to rescind the contract. Nor was he obliged to tender a deed of conveyance of the land he had sold the defendant, to enable him to maintain this action. He was not, by the terms of his bond, required to convey until the defendant had performed the undertaking on his part, which was the consideration for the conveyance by the plaintiff. The recovery was fully warranted by the decision of this court in the case of Scranton v. Tilley, (16 Tex. R., 183.) The verdict was well warranted by the evidence, and there is no error in the judgment.

Judgment affirmed.